# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00017-RPM

DAVID GOEBELS,

      Plaintiff,

vs.

THE RITZ-CARLTON HOTEL COMPANY, L.L.C.,

      Defendant.

## STIPULATED PROTECTIVE ORDER

Each party to this action and each counsel of record hereby stipulate and move the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of Confidential Information (as defined herein) and, as grounds therefor, state as follows:

1. In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined in Paragraph "a)" below). The parties also anticipate that additional Confidential Information may be sought during discovery and that there may be questioning concerning Confidential Information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties and all counsel have entered into this Stipulation and request that the Court enter the following Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    a) "Confidential Information" means any document within the purview of Fed. R. Civ. P. 34(a), including but not limited to, any documents or electronically stored

1

information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. In addition, "Confidential Information" means any transcribed or recorded testimony or responses to any discovery requests, including any extract, abstract, chart, summary, note or copy made therefrom and designated by a Party as containing proprietary or confidential business or commercial information and trade secrets.

b) Confidential Information shall be disclosed by the receiving counsel or party only to the following persons, after such persons are informed of and/or given a copy of this Protective Order:

   a. Counsel for the parties and their associates, clerks, secretarial, clerical personnel in Civil Action No. 14-cv-00017-RPM, and those necessary for the prosecution or defense of this action.

   b. Court reporters and/or videographers, taking testimony involving Confidential Information and their necessary stenographic, clerical or production personnel;

   c. The Judge, including appropriate members of the Judge's staff as necessary or appropriate, and the Jury.

   d. Hereinafter, these enumerated persons shall be referred to as "Qualified Recipients" of Confidential Information. Qualified Recipients authorized to review Confidential Information pursuant to this Protective Order shall not

disclose the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless directed and/or authorized to do so by Court order. It is the intention of the parties that under no circumstances will Confidential Information be shared or released to anyone other than a designated Qualified Recipient.

c) Where Confidential Information is produced, provided or otherwise disclosed by a party, counsel for any party, any witness in this action, or otherwise by any non-party pursuant to Fed. R. Civ. P. 45, Fed. R. Civ. P. 26, or otherwise, it shall be designated as Confidential Information in the following manner by the party asserting protection of the Confidential Information pursuant to this Protective Order:

   a. Documents designated by a party as containing Confidential Information shall be imprinted with the word "Confidential" on each page of the document containing Confidential Information;

   b. Any response to a written discovery request containing Confidential Information shall be imprinted with the word "Confidential" next to or above any response or portion of a response containing Confidential Information; and;

   c. Any transcribed testimony containing Confidential Information shall be so designated, by giving written notice to opposing counsel identifying by page and line number the testimony containing Confidential Information, no later than 14 calendar days after the receipt of the final, certified transcribed testimony. If the deposition is videotaped, the corresponding portions of the

videotaped testimony shall be deemed designated to contain Confidential Information if notice is served in accordance with all requirements of this Paragraph.

 d. Any audio, electronic, digitized or other information not specifically addressed in Paragraph 1 (c) above containing Confidential Information shall be so designated by giving written notice to opposing counsel identifying with reasonable specificity the content of the Confidential Information sufficient to enable its location and identification by the other party, no later than 14 calendar days after the receipt of said information.

2. If Confidential Information is disclosed to any person other than in the manner authorized in this Protective Order, the party responsible for the disclosure shall, as soon as possible, bring such unauthorized disclosure first to the attention of counsel for all parties for purpose of conferring on a remedy. If no remedy is agreed upon, the non-responsible party for the disclosure may bring such disclosure to the attention of the Court and seek appropriate relief. Without prejudice to the rights and remedies of the party who produced or provided the Confidential Information, or the party designating the Confidential Information for protection under the terms of this Protective Order, the person involved in the unauthorized disclosure of Confidential Information shall make every effort to prevent further disclosure on his/her/its own part and on the part of any person who was an unauthorized recipient of such information.

3. All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

 a) It shall be disclosed only to Qualified Recipients, as defined in Paragraph 1

above;

b) It shall be used solely for the purpose of this litigation, including appeals, and not for any business or other purpose whatsoever;

c) It shall not be communicated or disclosed in any manner, either directly or indirectly, unless a copy of this Protective Order has been provided to the Qualified Recipient, or the Qualified Recipient is otherwise fully informed of this Protective Order and all its terms.

d) Counsel who discloses Confidential Information to Qualified Recipients in accordance with this Protective Order shall be responsible for assuring compliance with this Protective Order with respect to all Qualified Recipients to whom such Confidential Information is disclosed and shall maintain a list of all Qualified Recipients to whom any Confidential Information is disclosed.

e) No copies of Confidential Information shall be made except by or on behalf of counsel for a party in this litigation and such copies shall be made and used solely for purposes of defending or prosecuting this litigation by Qualified Recipients. Counsel who discloses Confidential Information to Qualified Recipients in accordance with this Protective Order shall be responsible for assuring compliance with this Protective Order with respect to Qualified Recipients to whom such Confidential Information is disclosed and shall maintain a list of the specific Confidential Information disclosed to each Qualified Recipient on the list required by Paragraph 3 d) above.

4. During the pendency of this action, counsel for a party may, upon Court order, or by agreement of counsel for the parties, inspect the list maintained by counsel for another party

5

pursuant to Paragraph 3. above, upon a showing of substantial need in order to establish (1) the source of unauthorized disclosure of Confidential Information and (2) that opposing counsel is otherwise unable to identify the source of the unauthorized disclosure. If the counsel involved agree that there is a substantial need, then such counsel jointly may seek an Order of the Court requiring inspection of counsel's list under the terms and conditions deemed appropriate by the Court. Otherwise, any opposed motion regarding this issue shall follow the procedures of D.C.COLO.L.Civ.R. 7.1.

In addition, the original producing party may elect to disclose portions of Confidential Information through public filing, however, this does not cause the remainder of any document or material to lose its Confidential Status as between the parties. Prior to filing Confidential Information with the Court and/or pleadings or briefs quoting or discussing Confidential Information, the filing party shall first move for an order that such materials will be sealed from public access. Such materials shall then be filed in a sealed envelope, at the expense of the filing party, marked on the outside with the title of this action and a general identification of each document within that does not in itself reveal any Confidential Information. The outside of the envelope shall contain a statement substantially in the following form:

***CONFIDENTIAL***
FILED UNDER SEAL SUBJECT TO QUALIFIED PROTECTIVE ORDER

THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION FILED BY [NAME OF PARTY] AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT AS PROVIDED IN THE STIPULATION AND PROTECTIVE ORDER DATED [DATE] OR BY COURT ORDER.

6. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

7. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing any motion with respect to the manner in which Confidential Information shall be treated at trial.

8. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

9. The agreement of the parties to the entry of this Protective Order, does not constitute and shall not be deemed to constitute, a waiver of any statutory or regulatory provision, or of any common law doctrine, rendering any Confidential Information produced pursuant to this Protective Order confidential and/or precluding its disclosure to the public.

10. Within thirty (30) days after the termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or certify destruction of same. At that time, receiving counsel shall verify all Qualified Recipients who received Confidential Information from the receiving party have destroyed all confidential material provided to them.

DONE AND ENTERED THIS 6th DAY OF January, 2015.

BY THE COURT:

Richard P. Matsch, Senior District Judge

APPROVED AS TO FORM:

_____
Todd Bovo
Bovo Law, LLC
650 South Cherry Street, #1400
Denver, CO 80246
Telephone: (303) 333-4686
Facsimile: (303) 595-5334
todd@bovolaw.com
Attorney for Plaintiff

_____
Christopher K. Miller
Jason T. Lantagne
CHILDS MCCUNE LLC
821 17th Street, Suite 500
Denver, CO 80202
Phone: (303) 296-7300
*Attorneys for Defendants*